IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:09cr220

TION KIMBROUGH,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Defendant Tion Kimbrough's MOTION FOR RECONSIDERATION AND MODIFICATION OF SENTENCE (ECF No. 35) ("Defendant's Motion"). For the reasons set forth below, the Defendant's Motion will be denied.

## BACKGROUND

Tion Kimbrough was arrested on January 8, 2009 and questioned in relation to an armed statutory burglary that occurred in the City of Richmond on January 5, 2009. (Defendant's Reply to Government's Response to Defendant's Motion for Reconsideration and Modification of Sentence 1, ECF No. 38) (hereinafter "Def. Reply"). While being interrogated by the Richmond Police Department, Kimbrough was shown still photographs taken from the surveillance tapes of a SunTrust Bank robbery that had occurred on January 5, 2009 and a Wachovia Bank

robbery that had occurred on December 19, 2008. (Def. Reply 1). Kimbrough confessed to being responsible for both crimes. Id.

On January 9, 2009, Kimbrough was charged in the Circuit Court for the City of Richmond with two counts of bank robbery, use of a firearm, and armed statutory burglary. Id. at 1-2. The two counts of bank robbery were *nolle prossed* on June 10, 2009, after an agreement was reached between federal and state prosecutors that the same charges would be pursued in federal court. Id. at 2. On July 9, 2009, a Federal Grand Jury indicted Kimbrough on two counts of bank robbery. (ECF No. 1).

The statutory burglary charge remained in the State court, and, on January 13, 2010, Kimbrough entered a plea of guilty to that charge. (Def. Reply 2). The State court sentenced Kimbrough to twenty years imprisonment with ten years suspended, upon condition of twenty years of good behavior. Id. The State court also ordered that one year of the active incarceration that it imposed was to run concurrently with "any time the defendant may received [sic] in Federal Court regard [sic] the bank robbery that occurred at the Suntrust Bank located at 3022 West Broad Street in the City of Richmond on January 5, 2009." (Def. Reply Attach. 1, ECF No. 38-1).

While serving his state sentence, Kimbrough became aware of the federal detainer lodged against him and took the necessary action under the Interstate Agreement on Detainers Act to be

2

brought to federal court to answer to the Indictment. (Def. Reply 2). As a result, on June 13, 2014, a Writ of Habeas Corpus ad Prosequendum was issued in the Eastern District of Virginia, and on June 17, 2014, Kimbrough made his initial appearance in this Court. Id.

On August 13, 2014, Kimbrough entered a plea of guilty to Count Two of the Indictment: the robbery of SunTrust Bank on January 5, 2009. Id. In his response to the Presentence Report ("PSR"), Kimbrough made this Court aware of the State court's order that one year of the state sentence should run concurrently with any federal sentence imposed. (DEFENDANT'S POSITION ON SENTENCING 16, ECF No. 22). Based on that order, Kimbrough requested this Court to order that one year of the federal sentence would run concurrently with the state sentence that Kimbrough was already serving. Id.

On October 27, 2014, Kimbrough was sentenced by this Court to a term of seventy-five months. (ECF No. 33). The government requested that the entirety of this sentence run consecutive to, and not concurrently with, the State court sentence. (Sent'g Hr'g. Tr. 49:12-18). Fully aware of the State court's disposition of its own case against Kimbrough on the statutory burglary charge, this Court found that a fully consecutive sentence was appropriate, and therefore ordered that the full length of the federal sentence would run consecutive to the term

of imprisonment that the defendant was serving in the state system. (Def. Reply 3). This Court additionally ordered that Kimbrough be placed on supervised release for three years, pay a special assessment of $100, and pay $3621.44 in restitution. Id.

Subsequently, Kimbrough returned to the Circuit Court for the City of Richmond and filed a motion for a writ of Coram Vobis, requesting that the State court's judgment be modified to compensate for that court's original unfulfilled expectation that the final year of defendant's state sentence would run concurrent to the federal sentence. Id. The State court granted Kimbrough's motion with the following order:

> On motion of the defendant and by agreement of the Commonwealth, the Court hereby grants the Defendant's motion for a writ of Coram Vobis and modifies it [sic] order of January 13, 2013, to specify that one year of defendant's active sentence in state case number CR-09-1822 shall run concurrent to the sentence imposed in United States District Court on October 29, 2014 in federal case number 3:09CR220-001.

(Def. Reply Attach. 3, ECF No. 38-3). On the basis of that order, Kimbrough contacted the Virginia Department of Corrections seeking to have his release date advanced from April 2, 2018 to April 2, 2017. (Def. Reply 3). The Bureau of Prisons has since rejected Kimbrough's request, deferring to this Court's earlier order that the full length of the federal sentence run consecutive to the state term. Id.

4

On June 6, 2016, Kimbrough filed by letter to this Court a Motion for Reconsideration and Modification of Sentence, requesting that one year of his federal sentence be ordered to run concurrent with his state sentence. (Def. Reply 4). Kimbrough predicates this request for the relief under Fed. R. Crim. P. 36, which authorizes a Court "to correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Id. at 5.

In its initial response, the Government opposed this motion for modification of sentence. (ECF No. 37). After the Defendant's Reply, however, the Government requested leave of this Court to file an additional brief explaining that, in light of the Writ of Coram Vobis issued by the State court, it did not oppose the Defendant's motion. (ECF No. 41).

**LEGAL STANDARD**

Fed. R. Crim. P. 36 authorizes a court, at any time, "to correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. Pro. 36. Although the Fourth Circuit has not delineated the precise boundaries of Rule 36, it has recognized that the rule exists to remedy those situations "when the court intended one thing but by merely clerical mistake or oversight did another." United States v.

5

Postell, 412 F. App'x 568, 569 (4th Cir. 2011) (internal citation omitted). In other words, Rule 36 authorizes courts to correct the errors that sometimes occur when an oral judgment or order is reduced to writing.

Although Rule 36 covers more than mere typographical error, its reach is nonetheless limited. Any clerical error correctable by Rule 36 "must not be one of judgment or even of misidentification, but merely of recitation." United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987). By contrast, a court may not use the rule as "a vehicle for the vindication of the court's unexpressed sentencing expectations." United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995). Above all else, Rule 36 cannot be deployed "to make a substantive alteration to a criminal sentence." United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003).

## ANALYSIS

On October 27, 2014, this Court sentenced Kimbrough to seventy-five months of imprisonment, to be served consecutively to the state sentence. This Court was aware of the State court's disposition of its own case against Kimbrough when imposing the sentence in this case. The record at sentencing confirms that there was no clerical mistake in reducing this Court's ruling into writing. Because there is no Rule 36 "clerical error" for this Court to correct, Kimbrough's motion fails.

6

Kimbrough argues that the "clerical error" made in this case was the omission of a date. (Def. Reply 6). While it is true that an incorrect date could fall within the ambit of Rule 36, no date was incorrectly entered or mistakenly omitted in this case. Indeed, when Kimbrough "requests that the Court indicate that this federal sentence is to commence on April 2, 2017," he is not directing this Court's attention to any clerical error on the record. (Def. Reply 6). Instead, Kimbrough makes this request hoping that "the Federal Bureau of Prisons, in its [18 U.S.C. 3621(b)] discretion could designate the state facility for service of [one year of] his federal sentence." (Def. Reply 6). This request does not deal with "clerical error," but rather asks for a substantive modification of the sentence—one that would convert a fully consecutive sentence to a partially concurrent one.

It is uncontested that Kimbrough is currently scheduled to be released from state prison on April 2, 2018, after which his federal sentence will begin. (Def. Reply 6). It is also uncontested that this Court ordered Kimbrough's federal sentence to run consecutively to the state sentence he is currently serving. Id. at 4. Finally, there is no contention by Kimbrough that this Court's decision to make his sentence consecutive was due to clerical error, or even any claim that it was made without full awareness of the terms of his state sentence. Id.

7

Consequently, Kimbrough's request that his federal sentence begin on April 2, 2017 is nothing more than a request that one year of his federal sentence run concurrently with his state sentence—a request that this Court previously considered and rejected at the time of sentencing.[1] Even if this Court were inclined to revisit that decision, "[t]he power of a district court to amend a sentence does not extend to a situation where the district judge simply changes his mind about the sentence." United States v. Cook, 890 F.2d 672, 675 (4th Cir. 1989).

Moreover, notwithstanding the intentions that the State court may have had to the contrary, the Writ of Coram Vobis issued on January 12, 2015 does not alter this analysis. While the writ does specify that "one year of defendant's active sentence in state case number CR-09-F-1822 shall run concurrent to the sentence imposed in the United States District Court on October 29, 2014," (Def. Reply Attach. 3), the Bureau of Prisons

---

[1] The following exchange occurred at the Sentencing Hearing on October 27th, 49:12-18:
> THE COURT: [W]hat is your position on whether the sentence should run concurrent or consecutive to the state sentence?
> THE GOVERNMENT: Judge, we'd just ask that it run consecutive.
> THE COURT: Consecutive for all of it or just one year concurrent?
> THE GOVERNMENT: For all of it, Judge.
> THE COURT: All of it?
> THE GOVERNMENT: Yes.
> THE COURT: I think that under the circumstances, the appropriate sentence is for it to run consecutive to the state sentence.

was correct in its determination that the State court could not validly amend Kimbrough's federal sentence.

"In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for the administration of [its own] criminal justice system." Setser v. United States, 132 S. Ct. 1463, 1471 (2012). Consequently, while the State court may have been free (under Virginia law) to amend Kimbrough's state sentence so that he would be released from state custody at an earlier date, it lacked the authority to alter the terms of his subsequent federal confinement, or to compel any portion of it to run concurrent with the state period of confinement. See Hawley v. United States, 898 F.2d 1513, 1514 (11th Cir. 1990) ("[A] defendant may not, by agreement with state authorities, compel the federal government to impose a sentence that is concurrent with an existing state sentence."); see also United States v. Sackinger, 704 F.2d 29, 32 (2d Cir. 1983) ("[U]nder the dual sovereignty principle, Sackinger could not, by agreement with state authorities, compel the federal government to grant a concurrent sentence.")

Kimbrough's seventy-five month federal sentence therefore remains fully consecutive to his imprisonment in the state system, as intended and as ordered by this Court. Kimbrough's federal sentence will thus commence at the conclusion of his

9

state sentence, when he is released from state custody, and this Court lacks any power under Rule 36 to issue a "corrective" order to the contrary.

## CONCLUSION

For the reasons set forth above, Kimbrough's MOTION FOR RECONSIDERATION AND MODIFICATION OF SENTENCE (ECF No. 35) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 19, 2016